**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Peter Young KIM, Defendant—
Appellant.**

No. 06–50507.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2008.

Filed Feb. 25, 2008.

Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Jeannie M. Joseph, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

William C. Melcher, Esq., Melcher Melcher & Melcher, Woodland Hills, CA, for Defendant–Appellant.

Before: FARRIS, FISHER, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Peter Kim appeals his conviction in the district court for 35 counts of health care fraud in violation of 18 U.S.C. § 1347. Because the parties are familiar with the facts, we do not discuss them except as necessary to explain our analysis.

On appeal, Kim contends only that the evidence the prosecution presented was insufficient as a matter of law. We review de novo the sufficiency of the evidence supporting his conviction. *United States v. Ruiz,* 462 F.3d 1082, 1087–88 (9th Cir. 2006). "In reviewing sufficiency of the evidence claims, we view the evidence in the light most favorable to the prosecution and determine whether any rational jury could have found Defendant[ ] guilty of each element of the crime beyond a reasonable doubt." *Id.* at 1088. "All reasonable inferences must be drawn in favor of the government and any conflicts in the evidence must be resolved in favor of the jury's decision." *United States v. Laykin,* 886 F.2d 1534, 1539 (9th Cir.1989). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." *United States v. Mares,* 940 F.2d 455, 458 (9th Cir.1991).

Specifically, Kim argues that the evidence was insufficient to support a finding of the requisite mens rea. 18 U.S.C. § 1347 requires that the defendant act "knowingly and willfully" and "with the intent to defraud." To prove that Kim acted willfully, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Bryan v. United States,* 524 U.S. 184, 192, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998) (internal citation omitted); *see also United States v. Dearing,* 504 F.3d 897, 901 (9th Cir.2007). "Fraudulent intent may be, and often must be, proven by circumstantial evidence." *United States v. Rasheed,* 663 F.2d 843, 848 (9th Cir.1981).

We hold that the government's evidence of mens rea was sufficient for a jury to convict. Most notably, the government presented testimony from four Medicare beneficiaries, none able to read English, who testified that Kim instructed them to fill out blank delivery slips. A jury could reasonably have inferred intent to defraud from such a practice, which demonstrates a reckless indifference to the accuracy of the paperwork Kim was instructing the beneficiaries to sign. *Cf. Dearing,* 504 F.3d at 903 ("We have repeatedly held that the intent to defraud may be proven through reckless indifference to the truth or falsity of statements."). From Kim's practice of storing enteral nutrition in his van and invariably distributing it to beneficiaries after 10–minute "medical examinations," the jury could have inferred knowledge that the exams were pro-forma shams. Finally, a rational jury could have inferred knowledge of wrongfulness from Kim's participation in Ultracare's unusual system of distributing Ensure to its drivers not from its office directly, but through rendezvous in an underground parking garage miles away.

The judgment of the district court is AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.